UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LENORA LUTZ,**

       **Plaintiff,**

       **v.**

**OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
NOBLE CORRECTIONAL INSTITUTION,**

       **Defendant.**

Case No.: 2:10-cv-877
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's motion to dismiss (Doc. # 18), Plaintiff's memorandum in opposition (Doc. # 22), and Defendant's reply memorandum (Doc. # 23). For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss.

### I.  Background

Plaintiff, Lenora Lutz, is a Corrections Officer at the Noble Correctional Institution ("Noble") in Caldwell, Ohio. Noble is a facility within the Ohio Department of Rehabilitation and Correction ("ODRC"). Plaintiff has been employed by ODRC since January 2000 and served as a Corrections Officer at Noble since 2004. She has a medical condition that limits her ability to use her right wrist. In light of her limited ability, Plaintiff requested that ODRC assign her to a "non-contact" position. On June 16, 2009, ODRC notified Plaintiff that her request was denied and that there were no available non-contact positions at Noble. Effective September 30, 2009, ODRC placed Plaintiff on disability separation.

In July 2009 and September 2009, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation in violation of both the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  On November 5, 2009, Plaintiff received right-to-sue letters from the EEOC.  On December 29, 2009, Plaintiff filed the instant suit, alleging both federal and state law claims for disability discrimination, gender discrimination, and retaliation.

## II.  Discussion

### A.  Standards

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), which provides that an action may be dismissed for lack of subject matter jurisdiction.  Motions filed under Rule 12(b)(1) generally come in two varieties.

> A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading.  In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss.
>
> On the other hand, when a court reviews a complaint under a factual attack, as here, no presumptive truthfulness applies to the factual allegations.  Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion." *See generally* C. Wright & A. Miller, Federal Practice and Procedure § 1364, at 662-64 (West 1969).  When facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist.  In reviewing these speaking motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted).  *See also Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007); *Nat'l Assoc. of Minority Contractors v. Martinez*, 248 F. Supp.2d 679, 681 (S.D. Ohio 2002).  Here,

2

although Defendant does not explicitly indicate, it is making a facial attack on this Court's subject matter jurisdiction

Defendant also moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether a party has set forth a claim upon which the Court may grant relief. This Court must construe the pleading in favor of the party asserting a claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

**B. Analysis**

Plaintiff alleges claims for (1) disability discrimination under the ADA, (2) retaliation under the ADA, (3) disability discrimination in violation of Ohio Revised Code § 4112.01, *et. seq.*, and § 4112.99 ("Chapter 4112"), (4) gender discrimination under Title VII, (5) retaliation under Title VII, (6) gender discrimination in violation of Chapter 4112, and (7) retaliation in violation of Chapter 4112. Defendant moves to dismiss all Plaintiff's claims filed under the ADA and Chapter 4112, contending that they are barred by the Eleventh Amendment to the United States Constitution. Defendant also moves to dismiss Plaintiff's claims of disability

3

discrimination and retaliation filed under Title VII, claiming that they are not recognized claims for relief under that statute. The Court will address each contention in turn.

### 1. Eleventh Amendment

Plaintiff alleges disability discrimination and retaliation in violation of Titles I and V of the ADA based on Defendant's failure to place her in a non-contact position at Noble. Defendant argues that, as an arm of the state, it enjoys sovereign immunity as embodied in the Eleventh Amendment. Defendant contends that those claims are not properly before this Court because Ohio has not waived its sovereign immunity with respect to claims filed under the ADA. Plaintiff has failed to respond to Defendant's contention.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend. XI. "The States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims against a State by citizens of another State." *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (citing *Hans v. Louisiana*, 134 U.S. 1, 21 (1890), *Alden v. Maine*, 527 U.S. 706, 728 (1999), *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002)). It is well settled that sovereign immunity applies to "state agents and instrumentalities," like ODRC, in addition to the states themselves. *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x. 363, 366 (6th Cir. 2008) (citing *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)); *see also Ala. v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). Consequently, a state

is immune from suit in federal court unless congress abrogates the state's sovereign immunity, the state waives its sovereign immunity, or the suit is against a state official and seeks prospective injunctive and declaratory relief to end a continuing violation of federal law. *Carten v. Kent State Univ.,* 282 F.3d 391, 398 (6th Cir. 2002). Only the exceptions to Eleventh Amendment immunity related to waiver and abrogation are relevant in the instant action.

Plaintiff alleges disability discrimination in violation of Title I of the ADA. The United States Supreme Court has invalidated congressional abrogation of states' immunity for claims filed under Title I of the ADA. *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001); *Gentry v. Summit Behavioral Healthcare*, 197 F. App'x. 434, 437 (6th Cir. 2006). Additionally, Ohio has not waived its sovereign immunity with respect to claims under Title I of the ADA. The Sixth Circuit has explained that Ohio Revised Code § 2743.02 acts only as a partial waiver of Ohio's sovereign immunity:

> [I]t is equally clear that the consent to suit evidenced in [Ohio Revised Code § 2743.02] was limited to an action in the Ohio Court of Claims. The federal courts have consistently construed the extent of a state's waiver of immunity to be limited by the express terms of the waiver statute. Thus, the fact that the state has waived immunity from suit in its own courts is not a waiver of Eleventh Amendment immunity in the federal courts. The Ohio bill here expressly permitted an action in the Ohio Court of Claims; it nowhere authorized a federal action.

*Johns v. Sup. Ct. of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985) (internal citations omitted). Therefore, Ohio retains its sovereign immunity with regard to claims filed under Title I of the ADA. Thus, Defendant is entitled to dismissal of Plaintiff's claim for relief filed under Title I of the ADA.

Plaintiff additionally alleges retaliation under Title V of the ADA. Defendant claims that it is immune under Title V for the same reasons it is immune under Title I. Defendant, however,

relies on cases that do not support this proposition. *See Garrett*, 531 U.S. at 374 (invalidating congressional abrogation of state sovereign immunity for Title I ADA claims); *Gentry*, 197 F. App'x. at 437 (same). Indeed, neither the Supreme Court nor the Sixth Circuit has decided whether Title V of the ADA effectively abrogates a state's sovereign immunity. This Court's Local Civil Rules provide that "[a]ll Motions . . . shall be accompanied by a memorandum in support thereof which shall be a brief statement of the grounds, with citation of authorities relied upon." S.D. Ohio Civ. R. 7.2(a)(1). Although the Court could speculate as to Defendant's probable grounds for dismissal of Plaintiff's Title V claim, it declines to do so.[1] This Court rules on motions in the course of resolving disputes. It does not, however, first *provide* the grounds for a motion that might prove dispositive of a dispute and then proceed to rule on those grounds. Thus, Defendant is not entitled to dismissal of Plaintiff's claim for relief filed under Title V of the ADA.

With regard to gender and disability discrimination under Chapter 4112 of the Ohio Revised Code, Plaintiff claims that there were non-contact positions open and Defendant placed non-disabled men in said positions instead of Plaintiff, a disabled woman. Defendant has moved to dismiss Plaintiff's claims, arguing that sovereign immunity also bars these state law claims from being tried in federal court. In her opposition memorandum, Plaintiff argues that claims filed against the state of Ohio by its employees under Chapter 4112 are not governed by the immunity waiver contained in Ohio Revised Code § 2743.02 but instead that Ohio has consented

---

[1]The only court of appeals that has ruled on the issue is the Ninth Circuit, which reasoned that when a plaintiff's retaliation claim is predicated on a claim under which the defendant is immune, it too must fail. *Demshki v. Monteith*, 255 F.3d 986 (9th Cir. 2001).

to be sued for Chapter 4112 claims in any "court of competent jurisdiction." (Doc. # 22 at 6.) Plaintiff's arguments are not well taken.

> Another Judge in this Court has explained that although
>
> Ohio has waived its immunity from suit in state courts, *see* [Ohio Rev. Code] § 2743.02(A)(1), Ohio has not explicitly waived its immunity from suit in federal court. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985). Ohio's anti- discrimination statute similarly does not waive federal court immunity, as that statute simply authorizes a suit against the state as an employer in state court. [Ohio Rev. Code] § 4112.051(A)(1).

*Nair v. Columbus State Cmty. Coll.*, No. 2:02-cv-595, 2008 WL 483333, at *10 (S.D. Ohio Feb. 19, 2008). Defendant is therefore immune from Plaintiff's state law claims filed in federal court.

Finally, Plaintiff alleges that, regardless of immunity, this Court has supplemental jurisdiction over the state law claims by virtue of the subject matter jurisdiction predicated on her Title VII claims that are properly before this Court. Plaintiff argues that because supplemental jurisdiction is discretionary and it is reasonable to expect her to present her federal and state claims in a single action, the Court should grant supplemental jurisdiction over her state law claims to conserve judicial resources. Defendant, however, contends that sovereign immunity trumps Plaintiff's assertion of supplemental jurisdiction. This Court agrees.

"Eleventh Amendment immunity constitutes a jurisdictional bar, and neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity." *Edwards v. Ky. Revenue Cabinet, Div. of Compliance & Taxpayer Assistance*, 22 F. App'x. 392, 393 (6th Cir. 2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Because the Eleventh Amendment provides Defendant with immunity from Chapter 4112 claims in this Court, supplemental jurisdiction cannot grant the authority to consider those claims.

7

### 2. Disability Discrimination under Title VII

Defendant argues that, to the extent that Plaintiff attempts to base her claims under Title VII on alleged discrimination or retaliation for her alleged disability or requests for accommodations, those claims fail because they are not recognized under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII protects against discrimination on the basis of an "individual's race, color, religion, sex, or national origin"). In her memorandum of opposition, Plaintiff contends that she did not intend to assert any disability-based claims under Title VII. Thus, Defendant's argument in regard to these purported claims is rendered moot.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss. (Doc. # 18.) Specifically, the Court **GRANTS** Defendant's motion as it relates to Plaintiff's discrimination claim filed under Title I of the ADA, **GRANTS** Defendant's motion as it relates to Plaintiff's state law claims and **DISMISSES** those claims without prejudice, **DENIES** as **MOOT** Defendant's motion as it relates to Plaintiff's purported Title VII disability-based claims, and **DENIES** Defendant's motion as it relates to Plaintiff's retaliation claim filed under Title V of the ADA.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE