UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LENORA LUTZ,**

      **Plaintiff,**

    v.

**OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
NOBLE CORRECTIONAL INSTITUTION,**

      **Defendant.**

Case No.: 2:10-cv-877
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings. (ECF No. 31.) That motion is unopposed. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

### I. Background

Plaintiff, Lenora Lutz, is a Corrections Officer at the Noble Correctional Institution in Caldwell, Ohio, which is a facility within the Ohio Department of Rehabilitation and Correction ("ODRC"). Effective September 30, 2009, ODRC placed Plaintiff on disability separation.

Plaintiff filed this action, alleging that ODRC discriminated and retaliated against her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Ohio's Civil Rights Act, Ohio Rev. Code § 4112.01, *et. seq.*

On October 5, 2010, ODRC moved to dismiss Plaintiff's ADA claims (as well as certain other claims). (ECF No. 18.) The Court granted in part and denied in part that request. (ECF

No. 28.) The Court dismissed Plaintiff's discrimination claim under Title I of the ADA as barred by the Eleventh Amendment to the United States Constitution. The Court, however, denied ODRC's motion to dismiss Plaintiff's retaliation claim under Title V of the ADA. ODRC has now moved for dismissal of Plaintiff's Title V claim.

## II. Standard

The Court reviews motions made under Rule 12(c) of the Federal Rules of Civil Procedure in the same manner it would review a motion made under Rule 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Accordingly, to survive a motion for judgment on the pleadings a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be considered plausible, a claim must be more than merely conceivable. *Id.* at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (clarifying the plausibility standard articulated in *Twombly*). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

## III. Discussion

This Court has already determined that ODRC is immune from suit with regard to Plaintiff's ADA Title I claim of discrimination. ODRC argues that it is immune from suit under Title V of the ADA well. As ODRC correctly notes, the United States Court of Appeals for the Ninth Circuit is the only federal appellate court to speak directly to this issue. *Demshki v.*

*Monteith*, 255 F.3d 986 (9th Cir. 2001).  The *Demshki* court held that a claim filed under Title V of the ADA, predicated on an alleged Title I violation which has been dismissed, must also be dismissed.  *See id.* at 988 ("We recognize that [*Board of Trustees of the University of Alabama v.*] *Garrett*[, 531 U.S. 356 (2001)] arose in the context of Title I, but we nevertheless conclude that the Court's holding necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I.").  A court in the Northern District of Ohio agreed with this analysis, holding that "[t]he state of Ohio is immune from suits under section V of the ADA, because Congress did not abrogate the states' Eleventh Amendment immunity with its passage."  *Adam v. Auditor of Ohio*, No. 5:02-cv-1427, 2002 U.S. Dist. LEXIS 20187, at *10 (N.D. Ohio Oct. 23, 2002); *see also Padilla v. New York Dep't of Labor*, No. 09 Civ. 5291, 2010 U.S. Dist. LEXIS 96608, at *11-14 (S.D. N.Y. Sept. 13, 2010) (collecting cases and holding that sovereign immunity bars Title V claims).

Plaintiff submits no argument to the contrary.

Thus, this Court accepts the submitted persuasive authority as sufficient to dismiss Plaintiff's ADA retaliation claim in the instant action.

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings.  (ECF No. 31.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**